[906 NYS2d 920]

In the Matter of Ik C. Kim (Admitted as Ik Cheol Kim), a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, September 14, 2010

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Elizabeth Grabowski* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 23, 2009 (2009 NY Slip Op 86862[U] [2009]), the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii) upon a finding that he was guilty of professional misconduct threatening the public interest in that he failed to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) in its investigation and based on uncontroverted evidence of professional misconduct. The Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated June 11, 2009, and the respondent was directed to submit an answer to the petition. The issues raised were referred to Norma Giffords, Esq., as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline against the respondent upon his default in answering the petition within the time frame set forth by the Court in its order of October 23, 2009.

The petition, containing 21 charges of professional misconduct, alleges failure to preserve funds entrusted to him as a fiduciary, neglect of client matters, repeat failure to produce requested bank and bookkeeping records, failure to timely reregister with the Office of Court Administration, and failure to cooperate repeatedly with the Grievance Committee's investigation of multiple complaints.

On or about October 28, 2009, the respondent orally agreed to continue to accept service of process by mail in connection with this matter at his current address in Texas pursuant to the waiver of personal jurisdiction previously executed by the respondent on July 10, 2009.

On or about November 2, 2009, the respondent was served with a copy of the decision and order of this Court dated October 23, 2009, and the verified petition, via both certified mail/return receipt requested and regular mail at his Texas address. Postal records reflect delivery of the mailing.

On or about January 28, 2010, the respondent acknowledged in a conversation with the Grievance Committee that he received the petition.

By letter dated February 12, 2010, Special Referee Norma Giffords, Esq., advised the respondent that in order to preserve

his rights, it was her expectation that an answer to the verified petition would be forthcoming in the next 30 days.

To date, the respondent has failed to submit an answer to the petition or make an application for an extension of time in which to answer.

Although served with a copy of the instant motion, to date, the respondent has neither responded nor requested additional time in which to submit a response.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, SKELOS, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Ik C. Kim, admitted as Ik Cheol Kim, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ik C. Kim, admitted as Ik Cheol Kim, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ik C. Kim, admitted as Ik Cheol Kim, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ik C. Kim, admitted as Ik Cheol Kim, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).